CASE 106.—ACTION BY LEBANON, LOUISVILLE & LEXING-TON TELEPHONE COMPANY, &c., AGAINST GRAVEL SWITCH & LITTLE SOUTH TELEPHONE CO.—December 15, 1910.

# Gravel Switch & Little South Telephone Co. v. Lebanon, Louisville & Lexington Telephone Co., &c.

## Appeal from Marion Circuit Court.

1. Appellant's Petition for Modification Overruled—Appellee's Petition for Modification Sustained.—So much of the opinion heretofore delivered as held that the contract, which was the subject of this suit, was to end upon thirty days notice prior to April 12, 1912, is withdrawn as is also the statement that no damage can be recovered for its breach accruing after thirty days from the filing of the answer in this case.

2. Present Holding of the Court.—We now hold that appellant understood by the contract to maintain a telephone exchange at Lebanon with such subscribers as it might obtain, and with such as it might have during the term of the contract appellant was to have the privilege of connecting with their telephones for the use of its patrons in sending and receiving messages. But appellant failed to maintain an exchange at Lebanon and its failure is the same so far as appellee is concerned, as if it had refused to put in the exchange at all or to afford an opportunity to the public at Lebanon to become its patrons.

JOHN M'CHORD for appellant.

FAIRLEIGH, STRAUSS & FAIRLEIGH, W. PRATT DALE and HENRY S. McELROY for appellees.

Gravel Swith & Little South Tel. Co. v. L., L. & L. Tel. Co., &c.

RESPONSE TO PETITION FOR RE-HEARING BY JUDGE O'REAR.

In the record the clerk of the lower court omitted a clause from the contract which was the subject of this suit. By agreement of parties the contract is now filed and considered on the petitions for re-hearing. The omitted clause is: "Until the first day of April, 1912, and thereafter," which when incor-porated in the paragraph of the contract from which it was omitted makes the paragraph read:

"This contract shall remain in force until the first day of April, 1912, and thereafter until the expira-tion of thirty days after written notice of intention to terminate the same is given by either party to the other, unless sooner determined as herein provided."

So much of the opinion heretofore delivered as held that the contract was to end upon thirty days' notice prior to April 12, 1912, is withdrawn, as is also the statement that no damage can be recovered for its breach accruing after thirty days from the filing of the answer in this case.

Appellant seeks a modification of the opinion on the ground that it is in conflict with Bland v. Cumber-land Telephone & Telegraph Company, 33 Ky. Law Rep., 399, 109 S. W. 1180. It is insisted that the con-tracts in that case and in this one are alike, and that the same rights attach under them. We regard the cases as being different. In the case cited the local company still furnished or offered to furnish service in Sonora. There was not an undertaking in either contract to furnish telephone service or connections with specific persons, or in certain number. But it was to exchange messages between patrons of each, whoever they might be. Each was to select its own

patrons, and was independent in contracting with them. In the Bland case some of the patrons were lost because of the failure of the local company to obtain a franchise to use the streets of Sonora for stretching its wires. Still there remained patrons in Sonora, and an exchange there, and each party to the contract had the right to continue the interchanging of messages. Here, appellant ceased to operate an exchange at Lebanon, discontinuing it and all service at that point. It was not thereafter possible for it to perform any part of the contract between these parties. We do not hold in this case that appellee was entitled to have maintained throughout the term of the contract the same connection with the individual subscribers of appellant at Lebanon who were subscribers when the contract was entered into. What we do hold is that appellant undertook by the contract to maintain a telephone exchange at Lebanon, with such subscribers or patrons as it might obtain, and with such as it might have during the term of the contract appellant was to have the privilege of connecting with their telephones for the use of its patrons in sending and receiving messages. But appellant failed to maintain an exchange, or any telephones at Lebanon. Its failure is the same, so far as appellee is concerned, as if it had refused to put in the exchange at all, or to afford an opportunity to the public at Lebanon to become its patrons.

Appellant's petition for modification of the opinion is overruled. Appellee's petition for modification is sustained. (See original opinion ante p. 152.)